UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | Case No. 4:91 CR 1 CDP-7 |
| ) | |
| NOBLE L. BENNETT,   ) | |
| ) | |
| Defendant.   ) | |

## MEMORANDUM AND ORDER

Noble Bennett has filed a "Motion to Correct and Clarify Presentence Investigation Report and for Directing PSR Addendum to Prevent BOP Reliance on Alleged Violent Conduct Not Found by the Jury." ECF #555  He was found guilty in 1993 following an eight-month jury trial involving multiple defendants charged with, among other things, violating the RICO statute, 18 U.S.C. § 1862(d).  On September 24, 1993, he was sentenced to life imprisonment.  His conviction was affirmed on appeal, *see United States v. Darden*, 70 F.3d 1507 (8th Cir. 1995).  His later motion filed under 28 U.S.C. §2255 was denied, *see Bennett v. United States*, 4:97CV757 ERW (E.D. Mo. January 8, 1999), ECF # 11, and both the District Court and the Court of Appeals denied a certificate of appealability, *id.*, ECF # 13.[i]

Bennett has filed many post-trial motions over the past decades.[ii]  In this latest motion, he asks the Court to amend the Presentence Report that was written more

than 22 years ago because it "continues to be relied upon by the BOP for classification and custody determinations." ECF #555 at p. 3. He argues that the PSR should not have included references to two murders, and that those murders should not have been considered as relevant conduct for the offense level computation, because he was only convicted of one RICO count. In his Affidavit accompanying this motion, he complains that "The PSR contains references suggesting violent conduct, despite the fact that I was acquitted of all charges involving violence and no judicial finding of violent conduct was made." ECF #555-1 at p. 2. The argument is factually incorrect and procedurally improper.

Bennett's counsel raised many objections to the Presentence Report at the time of sentencing, including arguing that the two murders Bennett complains about now should not have been counted as relevant conduct because he was not convicted of them. *See, e.g.*, ECF # 248-1, Sentencing Transcript at p. 78, l. 13-15. The sentencing Judge overruled that objection, finding that his involvement in the murders had been proven by a preponderance of the evidence. *Id.* at p 79, l. 5-7 (full argument and discussion p. 75, l. 17-p. 82, l. 22.).

Bennett appealed his conviction but not his sentence. *See Darden,* 70 F.3d at 1517. Any complaints Bennett had about the Presentence Report could have been (and many actually were) raised at the time of his sentencing. The sentence could have been appealed, but was not. And, as set out in detail both in the Court of

2

Appeals decision affirming his conviction and in Judge Webber's decision denying his § 2255 motion, there was ample evidence of Bennett's violence.

Any complaint about the Presentence Report is time-barred by more than two decades, and contradicts the record in any event.

Accordingly,

**IT IS HEREBY ORDERED** that Noble Bennett's "MOTION TO CORRECT AND CLARIFY PRESENTENCE INVESTIGATION REPORT AND FOR DIRECTING PSR ADDENDUM TO PREVENT BOP RELIANCE ON ALLEGED VIOLENT CONDUCT NOT FOUND BY THE JURY" is **DENIED**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of February, 2026.

---

[i] This is not Bennett's only RICO conviction; in 1996 he pleaded guilty to one RICO count, based on an indictment filed earlier than the one in this case.  Case No. 4:90CR206.  He was sentenced to 20 years' imprisonment to be served concurrently with the life sentence in this case.  Bennett was also charged in an earlier drug and continuing criminal enterprise case, which was dismissed on double jeopardy grounds after declaration of a mistrial.  *See United States v. Dixon*, 913 F.2d 1305 (8th Cir. 1990).

[ii] Bennett's post-trial filings are numerous, many attempting to raise matters that should have been (or were) raised in his original §2255 motion, or seeking to benefit from changes to the sentencing guidelines that do not apply to his case, or seeking compassionate release.  *See* ECF ## 248, 280, 287, 301, 306, 370, 435, 496, 531, 532.  All have been denied.  *See* ECF ## 263, 289, 302, 307, 373, 487, 499, 540.  In 2017 Bennett filed a motion purporting to be brought under 28 U.S.C. §2241 in California, where he was then incarcerated.  That was dismissed for lack of jurisdiction and the Ninth Circuit Court of Appeals described it as a "disguised motion pursuant to 28 U.S.C. §2255." *See Bennett v. Shin*, 2018 WL 7247251, No. 18-55145 (9th Circuit August 6, 2018).